IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICHARD CHILD GARNER, JR. | § | |
| Petitioner, | § | |
| | § | |
| v. | § | C.A. NO. C-07-270 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION TO GRANT
RESPONDENT'S MOTION TO DISMISS AS A SUCCESSIVE PETITION**

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently incarcerated at the McConnell Unit in Beeville, Texas. On June 6, 2007, petitioner filed an application for a writ of habeas corpus. (D.E. 1). On August 2, 2007, an amended motion was filed. (D.E. 11). On October 9, 2007, respondent filed this motion to dismiss. (D.E. 20). Petitioner has not replied to this motion.[1] For the reasons stated herein, it is respectfully recommended that respondent's motion to dismiss be granted.

**I. JURISDICTION**

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254 which provide that jurisdiction is proper where the inmate

---

[1] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. See also Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (affirming dismissal of habeas corpus petition for failure of petitioner to respond to motion for summary judgment).

is confined, or where the conviction was obtained.  Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2002).  Petitioner is incarcerated in the McConnell Unit in Bee County, Texas, and jurisdiction is proper in this Court.  28 U.S.C. § 124(b)(6).

## II.  PROCEDURAL BACKGROUND

On August 30, 1990, a jury in the 367th Judicial District Court of Denton County, Texas found petitioner guilty of aggravated sexual assault and sentenced him to fifty years of confinement in cause number F-89-973-E.  (D.E. 20, at 1).  On July 22, 1992, the Court of Appeals for the Second Judicial District of Texas affirmed this judgment.  Garner v. State, No. 2-90-311-CR, slip op. at 3.  On January 27, 1993, the Texas Court of Criminal Appeals refused petitioner's application for discretionary review.  Garner v. State, No. 1563-92.  On February 12, 1997, the Texas Court of Criminal Appeals denied his state application for a writ of habeas corpus without written order.  Ex parte Garner, Case No. WR-32,808-01.

On June 29, 1997, petitioner filed an application for a writ of habeas corpus in the Eastern District of Texas.  Garner v. Director TDCJ, 4:97-cv-00216-PNB.[2]

---

[2] Respondent has provided a copy of the memorandum and order that was adopted on June 17, 1999 in that action.  (D.E. 20, Ex. B).

Petitioner alleged fifteen grounds for relief, including insufficient evidence. (D.E. 20, Ex. B, at 3-4). On April 19, 1999, the magistrate judge recommended that all of his claims be denied on the merits except for one which was procedurally defaulted. Id. at 13. On June 17, 1999, the district judge accepted the report and recommendation in its entirety. (D.E. 20, Ex. C).

On June 6, 2007, petitioner filed this application for a writ of habeas corpus, alleging that "no evidence and/or newly discovered evidence has been submitted into the record." (D.E. 1, at 2). On August 2, 2007, in response to this Court's order, petitioner filed an amended petition alleging that "[t]here was no D.N.A. or evidence at trial." (D.E. 11, at 5). On October 9, 2007, respondent filed this motion to dismiss for lack of jurisdiction. (D.E. 20).

### III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") "made it significantly harder for prisoners filing second or successive federal habeas applications under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims." Graham v. Johnson, 168 F.3d 762, 772 (5th Cir. 1999). Pursuant to 28 U.S.C. § 2244(b)(3)(A), before a second or successive application is filed in a district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. This Court has no

jurisdiction to consider claims in a habeas action that is "second or successive" unless authorized by the Fifth Circuit. 28 U.S.C. § 2244(b)(3)(A); see also Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003) ("'§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Fifth Circuit] has granted the petitioner permission to file one'") (quoting United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam)).

A petition "is 'second or successive' when it: '1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition, or 2) otherwise constitutes an abuse of the writ.'" United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000) (quoting In re Cain, 137 F.3d 234, 235 (5th Cir. 1998) (per curiam)). "Indeed, the purpose of [§ 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." Key, 205 F.3d at 774 (citing Cain, 137 F.3d at 235). When a petitioner fails to raise a claim in the original petition and then raises it in a later petition, that failure constitutes an abuse of the writ. Crone, 324 F.3d at 837 (citation omitted).

Petitioner could have raised his claims in the 1997 petition. DNA testing

4

was in use long before that petition was filed. See, e.g., Grayson v. King, 460 F.3d 1328, 1335 (11th Cir. 2006), cert. denied 127 S. Ct. 1005 (2007) (DNA testing first used in court in 1986); Virgin Islands v. Byers, 941 F. Supp. 513, 525 (D.V.I. 1996) (same); see also Andrews v. Collins, 21 F.3d 612, 619 n.9 (5th Cir. 1994) (discussing state court's treatment of petitioner's claim that counsel was ineffective for failing to introduce the results of DNA tests).  Furthermore, petitioner's claim that "newly discovered evidence has been submitted into the record" is entirely unsupported.  (D.E. 1, at 2).  As for petitioner's insufficient evidence claim, it was brought and denied in his previous application.  (D.E. 20, Ex. B, at 10-12). Accordingly, it is respectfully recommended that the Court lacks jurisdiction over the instant petition because it is "second or successive" pursuant to AEDPA.

This Court may either dismiss the claim without prejudice pending review by a three-judge panel of the Fifth Circuit, or it may transfer the successive petition to the Fifth Circuit to determine whether petitioner should be allowed to file the successive motion in the district court.  See 28 U.S.C. § 2244(b)(3)(A); see also Henderson v. Haro, 282 F.3d 862, 864 (5th Cir. 2002); In re Epps, 127 F.3d 364, 365 (5th Cir. 1997) (per curiam) (approving practice of transferring successive motions to the Circuit and establishing procedures in the Circuit to handle such transfers); United States v. Fisher, 264 F. Supp.2d 468, 470 (N.D. Tex. 2003)

(dismissing without prejudice motion to modify a § 2255 petition so petitioner could seek leave from the Fifth Circuit). Because petitioner's motion presents neither argument nor evidence indicating that he will be able to make a prima facie showing that his application satisfies AEDPA's requirements,[3] it is respectfully recommended that petitioner's claims be dismissed without prejudice.

## IV.  RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that respondent's motion to dismiss, (D.E. 20), be granted.

Respectfully submitted this 13th day of November 2007.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

---

[3] Petitioner must demonstrate to the Fifth Circuit that his claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or that the factual predicate of the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.  28 U.S.C. § 2244(b)(2).

## **NOTICE TO THE PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).