UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICHARD CHILD GARNER, JR, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. C-07-270 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

**ORDER DENYING PETITIONER'S
MOTION FOR CERTIFICATE OF APPEALABILITY**

Pending is petitioner Richard Child Gardner Jr.'s Notice of Appeal (D.E. 26), appealing the Court's November 30, 2007 Order adopting the recommendation of the magistrate judge and granting respondent's motion to dismiss his federal habeas corpus petition for lack of jurisdiction as successive pursuant to 28 U.S.C. § § 2244(b)(3)(A) and entering final judgment to that effect. (See D.E. 23, 24). The Notice of Appeal is construed as a request for a certificate of appealability ("COA"). See 28 U.S.C. § 2253(c). For the reasons stated herein, petitioner's request for a COA is denied.

**I. Background**

Petitioner filed his § 2254 petition with this Court on June 12, 2007, challenging his Denton County, Texas conviction for aggravated sexual assault and fifty-year sentence thereon, arguing there was insufficient or no evidence to support his conviction. (D.E. 1). In particular, petitioner argued that there was no DNA evidence to prove that he had committed the offense. (D.E. 11). On October 9, 2007, respondent filed a motion to dismiss for lack of jurisdiction as successive, pointing out that petitioner had previously filed a federal habeas petition in the United States District Court for the Eastern District of Texas. (D.E. 20).

On November 13, 2007, the magistrate judge recommended that respondent's motion to dismiss be granted. (D.E. 21). Petitioner filed objections to the recommendation. (D.E. 22). After a *de novo* review of petitioner's objections, the Court adopted the recommendation and dismissed the petition for lack of jurisdiction as successive. (D.E. 23). Final judgment was entered at that time. (D.E. 24).

On December 13, 2007, petitioner filed the instant notice of appeal, (D.E. 26), which is construed as a request for a COA.

## II. Discussion

To obtain a COA, petitioner must make a substantial showing of the denial of a constitutional right. See 28 U.S.C. 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (a certificate of appealability "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right"). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483). As to claims that the district court rejects solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

In this case, the merits of petitioner's claims, that is, the sufficiency of the evidence to support his aggravated sexual assault conviction, were not reached because it was determined that the instant petition is successive. Pursuant to 28 U.S.C. § 2244(b)(3)(A), before a second or successive application is filed in a district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. This Court has no jurisdiction to consider claims in a habeas action that is "second or successive" unless authorized by the Fifth Circuit. 28 U.S.C. § 2244(b)(3)(A); see also Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003) ("'§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Fifth Circuit] has granted the petitioner permission to file one'") (quoting United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam)).

A petition "is 'second or successive' when it: '1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition, or 2) otherwise constitutes an abuse of the writ.'" United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000) (quoting In re Cain, 137 F.3d 234, 235 (5th Cir. 1998) (per curiam)). "Indeed, the purpose of [§ 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." Key, 205 F.3d at 774 (citing Cain, 137 F.3d at 235). When a petitioner fails to raise a claim in the original petition and then raises it in a later petition, that failure constitutes an abuse of the writ. Crone, 324 F.3d at 837 (citation omitted).

Petitioner could have raised his sufficiency of the evidence claims in the 1997 petition. DNA testing was in use long before that petition was filed. See, e.g., Grayson v. King, 460 F.3d 1328, 1335 (11th Cir. 2006), cert. denied 127 S. Ct. 1005 (2007) (DNA testing first used in court

in 1986); <u>Virgin Islands v. Byers</u>, 941 F. Supp. 513, 525 (D.V.I. 1996) (same); <u>see</u> <u>also</u> <u>Andrews v. Collins</u>, 21 F.3d 612, 619 n.9 (5th Cir. 1994) (discussing state court's treatment of petitioner's claim that counsel was ineffective for failing to introduce the results of DNA tests). Furthermore, petitioner's claim that "newly discovered evidence has been submitted into the record" is unsupported. (D.E. 1, at 2). As for petitioner's insufficient evidence claim, it was brought and denied in his previous application. (D.E. 20, Ex. B, at 10-12).

Reasonable jurist would not debate that the instant petition is "second or successive" pursuant to AEDPA, and that dismissal on procedural grounds was proper. Accordingly, petitioner is not entitled to a COA.

### III. Conclusion

For the above reasons, petitioner's request for a certificate of appealability (D.E. 26), is DENIED.

SIGNED and ORDERED this 17th day of January, 2008.

_____
Janis Graham Jack
United States District Judge